# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| AUTUMN ROBERSON | \* |
| | \* |
| PLAINTIFF | \* |
| V. | \* |
| | \* CASE NO. 4:19CV00156 SWW |
| CRAWLSPACE SOLUTIONS OF | \* |
| ARKANSAS, INC., JOHN COSSEY, | \* |
| and BRIDGETT COSSEY | \* |
| | \* |
| DEFENDANTS | \* |

## ORDER

Autumn Roberson ("Roberson") brings this action against Crawlspace Solutions of Arkansas, Inc. ("Crawlspace") and John and Bridget Cossey, alleging that Defendants failed to accommodate her disability, attention deficit hyperactivity disorder ("ADHD"), and terminated her employment in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*. Before the Court is Defendants' motion for summary judgment [ECF Nos. 25, 26, 27]. Roberson's response in opposition includes a second motion to reopen discovery and postpone a ruling on summary judgment [ECF Nos. 41 & 42] and a statement of the material facts to which Roberson contends a genuine dispute remains for trial. Defendants have filed a response in opposition to Roberson's second motion to reopen discovery and postpone a ruling on summary judgment

1

[ECF No. 44]. After careful consideration, and for reasons that follow, Defendants' motion for summary judgment is granted, and Roberson's second motion to reopen discovery and postpone a ruling on summary judgment is denied.

## I. Background[1]

John and Bridget Cossey own Crawlspace, a company that provides specialized construction services, including crawl space encapsulation and basement waterproofing. The Cosseys hired Roberson in August 2017 to serve as Crawlspace's appointment center specialist—a customer-centered job that involved answering and making phone calls, coordinating and scheduling service appointments, tracking customer leads, mailing out pre-inspection packets, and processing payments over the telephone.

The parties agree that Roberson's position required that she multi-task, deal with stress, and manage her time. It is also undisputed that Crawlspace's office was very small and noisy, and Roberson worked in an open lobby area. Roberson recalls that the office was noisy because the Cosseys yelled at employees and each other, but Defendants maintain that the office was noisy due to frequent phone calls, office visitors, and meetings taking place in close quarters.

---

[1] Unless otherwise noted, the facts reported here are taken from the parties' statements of material facts filed pursuant to Local Rule 56.1(a)-(c) [ECF Nos. 27 & 43].

At some point after her hire, Roberson informed the Cosseys that she was having difficulty hearing customers in phone conversations.  In response, the Cosseys supplied Roberson with a headset to use when she was on the telephone, but she found that the equipment made it more difficult to perform her job.  In April 2018, Roberson sent John Cossey two text messages, informing him that she suffered from ADHD, which impaired her ability to concentrate in a noisy office:

>04/03/2018
>
>Before I forget to tell you.  I have a doctor[']s appointment about my ADHD next Tuesday morning.  I can't do my job when I can't focus because of all the other sounds.  So[,] I am going to have my doctor look into changing my medicine and get documentation of this.  I sent a text because it's embarrassing to talk about[,] and lots of the time other people are around.
>
>04/11/2018
>
>I can't humanly do what you all expect me to do.  Someone needs to be in the office helping with all this service stuff and answering questions I can't answer these questions and anytime anyone is in the office it sure isn't to help take a load off me.  God forbid anyone else even help answer the phone or close the door so I can talk to customers. No one cares

> that I have [ADHD]. I can't make any extra money be all I do is customer conflict resolution.
>
> I can say something over and over about things[,] and like always it doesn't matter. I do my job with excellence but I can't do what I can't do. I get treated differently because I am not family and it's ridiculous. Everything is thrown on me.[2]

In May 2018, Roberson provided John Cossey a letter dated April 10, 2018 from her family physician, Michael R. Ford, M.D., which read as follows:

> Please be advised I provide medical care to Ms. Roberson. Ms. Roberson has been evaluated and tested previously. She has been found to have ADHD. She is on treatment for this. In addition to standard treatment, the patient would benefit from an environment which is less hectic and quiet. Any consideration [that you] may give [Ms.] Roberson in this regard would certainly be appreciated.[3]

John Cossey recalls that when the headset offered to Roberson failed to provide a remedy, he and his wife attempted to make the office less hectic and noisy. He testifies that he told Roberson that he was willing to accommodate her needs if she would request a specific accommodation that he could provide. According to Cossey, Roberson never requested a specific accommodation.

---

[2]ECF No. 25-2.
[3]ECF No. 25-3.

Roberson maintains that she requested several accommodations that were ignored, including "closing the door"[4] and permitting her to use a small office that was occupied only a few hours each week. She recalls that the main accommodation she sought was for the Cosseys to stop screaming and yelling[5] and that her "requests for a reasonable accommodation were mainly related to the screaming and yelling she endured from Mr. Cossey."[6]

In August 2018, Roberson took a vacation, and when she returned to work, John Cossey terminated her employment. Cossey testifies that he fired Roberson because upon her return, she immediately became combative and accused him of letting the company "go to hell in a handbasket" during her absence.[7] Roberson denies John Cossey's report of events and asserts that that he was the aggressor when she returned to work from vacation.

In November 2018, Roberson filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), charging that Crawlspace had discriminated against her based on her disability.[8] After receiving a right-to-

---

[4]Roberson provides no details about her request that the Cosseys close a door.

[5]ECF No. 41-1, ¶19

[6]ECF No. 43, ¶16.

[7]ECF No. 25-1, ¶19.

[8]Allegations in the discrimination charge read as follows:

5

sue notice on December 2, 2018, Roberson filed this lawsuit on February 28, 2019. With her complaint, she claimed that Defendants violated the ADA by (1) failing to accommodate her ADHD and (2) firing her without cause and because of her ADHD.

Initially, the Court appointed attorney Rick Hughes to represent Roberson. Roberson provided Mr. Hughes information responsive to Defendants' discovery requests, but he failed to provide timely discovery responses, despite a court order. Finally, on April 2, 2020, Defendants reported that they had received responses to their discovery requests.

On August 11, 2020, Defendants moved for summary judgment, asserting that Roberson was unable to show that she was disabled as defined under the ADA. Defendants noted that the sole evidence Roberson had produced to support her

---

I was hired in August 2017, as an Appointment Manager. In February 2018, I advised the owner that when the owners talked loudly, it affected my ability to do my job. By text message dated April 3, 2018, I advised the owner I had difficulty performing my job cause of my disability. In 2018, I provided the respondent with a letter requesting a reasonable accommodation. I was discharged on August 28, 2018.

I believe I was denied a reasonable accommodation and discharged because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

ECF No. 2, at 5.

asserted disability were text messages she sent to John Cossey in April 2018 and Dr. Ford's April 10, 2018 letter.

After Defendants moved for summary judgment, Roberson filed a *pro se* motion to appoint new counsel, stating that despite her persistent efforts, Mr. Hughes had failed to conduct any discovery on her behalf. The Court granted Roberson's motion, appointed Elizabeth Jane LaRue-Grigg to represent her, and continued the deadline for Roberson's response to the motion for summary judgment. Additionally, after the Court appointed new counsel, it granted Roberson an additional thirty days to file a response.

Rather than file a substantive response in opposition to summary judgment, Roberson filed a motion asking the Court to reopen discovery for a period of six months. Roberson recounted Mr. Hughes's failure to propound any discovery requests on her behalf, but she failed to articulate specific facts that she might discover in overcoming summary judgment. Accordingly, consistent with the standard for granting relief under Rule 56(d) of the Federal Rules of Civil Procedure, the Court declined to reopen discovery and once again, granted Roberson additional time to respond to Defendant's motion for summary judgment.

Roberson has now filed a second motion to reopen discovery and postpone a ruling on summary judgment, an affidavit, and a statement of facts in opposition to Defendants' statement of facts in support of summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587.  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

### III.  Discussion

Defendants assert that they are entitled to summary judgment because Roberson is unable to establish a *prima facie* case of discrimination, and she is unable show that the proffered reason for her termination is a pretext for disability discrimination.

**Failure to Accommodate**

The ADA makes it unlawful for a covered employer to discriminate against any "qualified individual on the basis of disability."  42 U.S.C. § 12112(a). "Discrimination" under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A).  To succeed with a failure-to-accommodate claim, a plaintiff "must establish both a *prima facie* case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). To make out a *prima facie* case, a plaintiff must show that she "'(1) is disabled within the meaning of the ADA; (2) is a qualified individual under the ADA; and (3) has suffered an adverse employment decision because of the disability.'" *Id.* (quoting *Kallail v. Alliant Energy Corp. Servs., Inc.,* 691 F.3d 925, 930 (8th Cir. 2012)).

Here, Defendants assert that Roberson is unable to establish that she is disabled under ADA. To meet the statute's definition of "disabled," Roberson must show that she has a "physical or mental impairment that substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(1)(A). An individual may qualify as "disabled" with proof that she suffers from such an impairment, that she has a record of such an impairment, or that she is regarded as having such an impairment. 42 U.S.C. § 12102(1)(A)-(C). Under EEOC regulations, an impairment is a disability under the ADA "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). The regulations advise that the term "substantially limits" must be construed broadly but that "not every impairment will constitute a disability within the meaning of [the ADA]." 29 C.F.R. § 1630.2(j)(1)(i)-(ii). "Major life activities" under the ADA include functions such as "performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working[.]" 29 C.F.R. § 1630.2(i).

The determination of whether Roberson is disabled within the meaning of the ADA requires an individualized assessment of the effects of her ADHD on an asserted major life activity. Dr. Ford's letter provides evidence of a medical

diagnosis and his assessment that Roberson would benefit from a quiet work environment, but Roberson offers no evidence regarding the extent that ADHD limits her ability to perform any particular activity.[9]  Evidence that Roberson would benefit from a quiet work environment, standing alone, fails to demonstrate that ADHD substantially limits her ability to perform a major life activity as compared to most people in the general population.  In fact, Roberson testifies that she was never disciplined or counseled during her employment and that she received a raise and written praise for her work performance.  Accepting as true that Roberson suffers from ADHD, she has failed to come forward with evidence that she suffers from a disability as defined by the ADA, and Defendants are therefore entitled to summary judgment on her failure-to-accommodate claim.

**Wrongful Termination**

To succeed with a wrongful termination claim, Roberson must establish "'that [she] (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment decision because of [her] disability.'" *Gardea v. JBS USA, LLC*, 915 F.3d 537, 543 (8th Cir. 2019) (quoting *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 804 (8th

---

[9]Though the record indicates that relevant major life activities might include the ability to work, multitask, concentrate, and communicate—particularly in a noisy environment--Roberson does not specify a major life activity affected by her ADHD.

Cir. 2014)).  As explained above, Roberson has failed to show a disability as defined under the ADA, which entitles Defendants to summary judgment on Roberson's termination claim.

**Motion to Reopen Discovery and Postpone a Ruling**

Once again, Roberson asks the Court to postpone a ruling on Defendants' motion for summary judgment, pending since August 11, 2020, and "allow Plaintiff to produce evidence she needs to have her day in court and to also obtain specific evidence she outlined in her Opposition to Defendants' statement of Facts and her Affidavit . . . ."[10]

> Rule 56(d) of the Federal Rules of Civil Procedure provides:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may . . . defer considering the motion or deny it; . . . allow time to obtain affidavits or declarations or to take discovery; or . . . issue any other appropriate order.

A motion under Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)("Rule 56(f) does not condone a fishing expedition.").  A nonmovant seeking relief under Rule 56(d) must do more than speculate that it may discover additional facts that would

---

[10]ECF No. 42, at 8-9.

overcome a motion for summary judgment, *see Stanback v. Best Diversified Prods.*, 180 F.3d 903, 911 (8th Cir.1999), and must submit an affidavit showing "'what specific facts further discovery might unveil.'" *Id.* (quoting *Dulany v Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997)). "Where a party fails to carry [his] burden under Rule [56(d)], 'postponement of a ruling on a motion for summary judgment is unjustified.'" *Id.* (quoting *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)).

Here, Roberson's affidavit and statement of facts indicate that given the opportunity, she would depose her former coworkers regarding John Cossey's testimony that she had angry outbursts and mood swings that caused coworkers to "walk on eggshells." But these matters are unrelated to the dispositive issue raised by Defendants: Whether Roberson is disabled within the meaning of the ADA. Roberson is the best source of information regarding her asserted disability and its effect on her major life activities, and it is she who shoulders the burden to establish a *prima facie* case of discrimination. The Court appointed new counsel to represent Roberson and has extended her response deadline multiple times. Roberson had ample opportunity to obtain affidavits or declarations to counter Defendants' motion, and she fails to identify specific facts that she might discover that would enable her to overcome summary judgment in this case. Roberson has

failed to make the showing required under Rule 56(d), and her motion is therefore denied.

## IV. Conclusion

For the reasons stated, the Court finds no genuine issues for trial and that Defendants are entitled to summary judgment in their favor.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment [ECF No. 25] is GRANTED, and Plaintiff's motion for discovery and postponement of a ruling on summary judgment [ECF No. 41] is DENIED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 5TH DAY OF JANUARY, 2021.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE